## JOSEPH BROWN v. WM. H. DUBOIS, STATE TREASURER.

*Soldier. Extra State pay of $7 per month. Seaman. Mandamus. State Treasurer.*

A seaman in the U. S. naval service, during the war of the rebellion was not entitled under the statutes to the extra state pay of $7 per month, even though he first enlisted into the military service and was credited on the quota of this State, and afterwards, under an act of Congress, voluntarily enlisted into the navy. No one but a soldier in the military service of the United States was entitled to such pay.

PETITION for a writ of mandamus.

Bates & May, for the petitioner, cited Acts of 1861, No. 2,

s. 10; also Nos. 6, 9, 60, 64, Acts of 1861; No. 3, Acts of 1863; Adj. General's report, 1864, p. 300; 13 U. S. Stat. pp. 67, 119, 402; Act of Congress, approved Feb. 24, 1864, c. 12, s. 7; Order No. 91 of the War Department. When the soldier enlisted into the U. S. service the State no longer had control over him. He was doing his duty according to the terms of his enlistment contract when in the naval service.

*W. P. Dillingham* and *J. D. Denison*, for the State Treasurer.

The relator must establish a clear and specific legal right, and that there is no other adequate legal remedy. High Ex. Rem. ss. 9, 10, 14; *State* v. *Babcock*, 51 Vt. 575. His alleged right to the extra pay depends wholly on the statutes of this State. Acts of 1861, Nos. 2, 6, 7, 9, 43, 60, 61, 62, 64, 67. By these, clearly, he is not entitled to the pay.

The opinion of the court was delivered by

WALKER, J.    This is a petition for a writ of mandamus. The petition prays for a writ of mandamus to be issued by this court directing the defendant as state treasurer, to pay him extra state pay at the rate of $7.00 per month from April 21, 1864 to May 27, 1865, during which time the petitioner was serving in the navy of the United States in the war of the late rebellion of 1861. The petitioner first enlisted June 28, 1862, as a private in Co. A, 10th Vt. Regt. for the term of three years; and by the terms of his enlistment he agreed to accept. such bounty, pay, rations and clothing as are or may be established by law. He was mustered into the United States service on 1st day of September, 1862, as a private soldier of said company, and was credited on the quota of the State of Vermont by the government of the United States for the term of three years. He served in said company and regiment until April 21, 1864, when he *voluntarily* enlisted into the service of the United States as a seaman in the navy for the unexpired term of his enlistment for military service under the Act of

Congress, approved February 26, 1864, which provided that any person in the military service of the United States, who was a mariner by vocation or an able seaman or an ordinary seaman, might enlist into the navy for the unexpired term of his military service under such rules and regulations as might be prescribed by the President of the United States. Under this enlistment in the navy he served until May 27, 1865, when he was discharged. By his enlistment in the navy under the Act of Congress and the rules and regulations prescribed by the President, he ceased to be a member of Co. A, 10th Vt. Regt., and was not thereafter a member of any military organization of the State or of the United States during the period for which he claims extra state pay of $7.00 per month. His name was no longer borne upon the military rolls of the government as a soldier thereof. His new enlistment and muster into the *naval* service ended his *military* service as a soldier in the army of the United States as a member of Co. A, 10th Vt. Regt., and was in effect a discharge from such military service. He was no longer entitled to draw pay from the State or the United States as a *soldier* in the *military* service; he was thereafter entitled to pay and allowances as a *seaman* in the *naval* service of the United States, including therein his share of prize money obtained from captures made by the vessel on which he served.

The right of any person in the United States' service, upon the quota of Vermont to $7.00 per month extra pay from the State, depends entirely upon the statute laws of the State. None are entitled to it except such as come within the provisions of the same. The right does not depend solely upon the fact that the person was credited upon the quota of men required to be furnished by the State, but upon the rank of the soldier and the organization in which the service was performed. The petitioner while in the naval service as a *seaman* was not entitled to the extra pay of $7.00 per month from the State unless his right thereto is established by some statute law. All the acts of the legislature upon this subject restrict the extra pay granted by the State to *soldiers* serving

Brown *v.* DuBois.

as *non-commissioned officers*, *musicians* and *privates* in the military service of the United States in some Vermont regiment of infantry, cavalry, artillery, or in detached companies of Vermont troops in other regiments of the U. S. service, mustered in an organized capacity by the authority or with the consent of the governor of the State ; and such soldiers are entitled to receive such extra pay only for the term of their service in such state organizations. Act No. 3 of 1863, which was passed before the petitioner's enlistment in the navy, especially provides that non-commissioned officers, musicians and privates then in the service shall be entitled to $7.00 per month extra pay from the State only so long as they shall remain in Vermont regiments or in detached companies of Vermont men in other regiments of the U. S. service. No act of the legislature grants this extra pay to commissioned officers although they were credited upon the quota of the State. No statute law upon the subject of extra pay to persons serving in the war of the rebellion has been brought to the attention of the court, and we are able to find none, which authorizes the payment of $7.00 per month extra pay to persons serving as *seamen* in the naval service. The provisions of no act extend to any class, excepting soldiers serving as non-commissioned officers, musicians and privates in some organization in the army under the authority or with the consent of the governor.

The evidence does not show that the petitioner is entitled to the extra pay he claims by his petition under any law of the State, and the petition is therefore dismissed without costs.